IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-CR-61-RLJ-CCS |
| ) | |
| PHILLIP MICHAEL HUDDLESTON and ) | |
| JOHN THOMAS HATFIELD, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendants' joint motions to dismiss portions of the Superseding Indictment: Motion to Strike Surplusage in the Indictment [Doc. 17], Motion to Dismiss Count One of the Indictment on the Grounds that as Charged it Violates the Doctrine of Duplicity [Doc. 21], and Motion to Dismiss Count One of the Indictment for Failure to Charge an Offense in that the *Klein* Conspiracy Doctrine Has No Basis in the Text or History of 18 USC Section 371 and Should be Reconsidered in Light of the United States Supreme Court's Decision in *Skilling v. United States* [Doc. 23]. These motions were filed by Defendant Huddleston on October 7, 2016, and joined [Doc. 57] by Defendant Hatfield, after he entered the case. The parties appeared before the undersigned for a hearing on the motions on March 6, 2017. Assistant United States Attorneys Matthew T. Morris and Cassandra Barnum appeared on behalf of the Government. Attorneys David M. Eldridge and Lorretta G. Cravens represented Defendant

1

Huddleston. Attorney Robert R. Kurtz represented Defendant Hatfield. Both Defendants were also present. The Court heard the parties' arguments and took the motions under advisement.

After considering the parties' briefs and oral argument as well as the relevant case law, the Court finds that Count One of the Superseding Indictment validly alleges a *Klein* conspiracy, is not duplicitous, and contains no surplusage. Accordingly, the undersigned recommends that the Defendants' motions be denied, with the exception of permitting a special verdict form.

## I. POSITIONS OF THE PARTIES

Defendant Huddleston is alleged [Doc. 35] to be the co-owner of Protech Metal Finishing, LLC ("Protech"), a company that applies plating to metal parts. Defendant Huddleston controlled Protech's business operations, and Defendant Hatfield was a production manager. Defendants Huddleston and Hatfield are charged in Count One of the Superseding Indictment [Doc. 35], with conspiring to defraud the United States from October 2009 to February 3, 2014, by providing ammunition racks that did not meet contract specifications, by impeding the Department of Defense's ("DOD") ability to evaluate Protech's performance, and by impeding the Environmental Protection Agency's ("EPA") enforcement of regulations for storing hazardous waste.

The Defendants argue [Doc. 23] that Count One fails to state an offense because 18 U.S.C. § 371, conspiracy to defraud the United States, does not include a "*Klein* conspiracy," which involves impairing, impeding, or defeating the lawful function of a Government agency. They also contend [Doc. 21] that Count One is duplicitous because it charges three distinct conspiracies in a single count. Finally, the Defendants ask [Doc. 17] the Court to strike the following, which they contend is surplusage, from Count One: (1) three paragraphs that allege the

2

background of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.*, and (2) allegations that Defendant Huddleston intimidated potential witnesses. The Defendants argue that these allegations are non-essential and prejudicial.

The Government responds that Count One of the Superseding Indictment properly charges the Defendants with a conspiracy to defraud the United States. It argues [Doc. 30] that the plain language of § 371 proscribes conspiracies to defraud the United States or an agency thereof in any manner and for any purpose. It contends that both the Supreme Court and the Sixth Circuit have held that § 371 includes interference with a government function. The Government also maintains [Doc. 29] that Count One is not duplicitous but, instead, charges a single agreement to defraud the government in three different ways. Finally, the Government argues [Doc. 27] that the background information on RCRA and the allegations of witness intimidation are relevant and constitute information that it intends to prove at trial. Thus, it maintains that these items are not surplusage.

## II. ANALYSIS

Our Constitution requires that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment by a grand jury[.]" U.S. Const. amend. V. The Court begins by observing that "a trial may be held in a serious federal criminal case only if a grand jury has first intervened" and issued an indictment or presentment. *Russell v. United States*, 369 U.S. 749, 760-61 (1962). Legally insufficient indictments implicate not only the right to a grand jury's determination of probable cause to believe that the offense occurred but also the Fifth Amendment's guarantee of due process of law and protection against being twice placed in jeopardy for the same offense. *Hamling v. United States*, 418 U.S. 87, 177 (1974);

3

*Russell*, 369 U.S. at 761. Also relevant is the Sixth Amendment's provision that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and the cause of the accusations[.]" U.S. Const. amend. VI; *Russell*, 369 U.S. at 761.

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117; *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001) (quoting *Hamling*). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly[.]'" *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)); *Landham*, 251 F.3d at 1079. Moreover, the statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" *Hamling*, 418 U.S. at 117-18 (quoting *United States v. Hess*, 124 U.S. 483, 487(1888)); *Landham*, 251 F.3d at 1079.

Defendants argue that Count One of the Superseding Indictment fails to state an offense, charges multiple offenses in a single count, and contains prejudicial surplusage. Guided by the principles above, the Court examines each of the Defendants' issues in turn.

### A. Sufficiency of the Indictment

Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure permits a defendant to challenge an indictment if it fails to state an offense. Such a motion to dismiss is "limited to the

4

four corners of the indictment and . . . the allegations in the indictment are assumed to be true and viewed in the light most favorable to the Government." *United States v. Scott*, No. 10-20235, 2013 WL 979465, *1 (E. D. Mich. Mar. 13, 2013). In the instant case, the Defendants challenge [Doc. 23] the legal sufficiency of Count One of the Superseding Indictment, arguing that it fails to charge them with a violation of 18 U.S.C. § 371, as a matter of law.

Section 371 proscribes "two or more persons conspir[ing] either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose," if one or more of the coconspirators do anything to "effect the object of the conspiracy[.]" The Defendants argue that the common meaning of "defraud" in § 371 does not include a *Klein* conspiracy, which is a conspiracy to impair, impede, or defeat a government function. They argue that neither the text of § 371 nor its legislative history permit an interpretation of "defraud" that includes a *Klein* conspiracy. Moreover, they argue that a *Klein* conspiracy also violates the rule of lenity and the prohibition on common law crimes. They maintain that because the Government alleges that they defrauded the United States by committing a *Klein* conspiracy, Count One fails to state an offense as a matter of law. The Government responds [Doc. 30] that both the plain language of § 371 and decades of case law support a determination that an individual can commit a conspiracy to defraud the United States by impeding, impairing, or defeating a government function through dishonest means.

At the March 6 hearing, Mr. Eldridge argued that this case presents the Court with the unique and historic opportunity to find that alleged *Klein* conspiracies cannot form the basis for a violation of § 371 as a matter of law. The undersigned declines to take that opportunity for three reasons. First, the plain language of § 371 states that it applies to conspiracies "to defraud the United States, or any agency thereof in any manner or for any purpose[.]" Although the

5

Defendants argue that the term "defraud" in § 371 should be limited to its common law meaning of cheating the government out of property or money, the Court finds that "*any* purpose" includes purposes that do not involve economic gain or loss. Moreover, "any manner" includes impairing, impeding, or defeating a government agency by dishonest means. When the plain meaning of the statue is unambiguous, the Court need not resort to examining the legislative history or imposing the rule of lenity. *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992); *United States v. Morgan*, 216 F.3d 557, 565 (6th Cir. 2000) (holding that the "rule of lenity does not apply because the statute is unambiguous"), *Audette v. Sullivan*, 19 F.3d 254, 256 (6th Cir. 1994) (holding that "because the plain meaning of the statute is unambiguous, there is no need to examine the legislative history"). The statute means what it says.

Second, the Court finds and the Defendants concede that Sixth Circuit precedent holds against their proposed interpretation. "Section 371 reaches "'any conspiracy for the purpose of impairing, obstructing, or defeating the lawful function of any department of Government.'" *United States v. Collins*, 78 F.3d 1021, 1037-38 (6th Cir. 1996) (quoting *United States v. Jerkins*, 871 F.2d 598, 602 (6th Cir. 1989) (internal quotations omitted)) (affirming a conviction under § 371 for conspiracy to impair the functions of the IRS), *see also United States v. Minarik*, 875 F.2d 1186, 1191-92 (6th Cir. 1989). The undersigned declines the Defendants' invitation to overrule the Sixth Circuit.

Third, in construing § 371, the Supreme Court has held that the term "defraud" includes the deceitful interference with lawful government function, and the undersigned disagrees that *Skilling v. United States*, 561 U.S. 358 (2010), indicates an intention to reverse this now-settled meaning of "defraud." Prior to Congress's enactment of § 371 in 1948, the Supreme Court held that a conspiracy to defraud the United States was not limited to cases involving a financial loss

6

but included "any conspiracy for the purpose of impairing, obstructing, or defeating the lawful function of any department of government." *Haas v. Hinkle*, 216 U.S. 462, 479-80 (1910). In *Hammerschmidt v. United States*, the Supreme Court held that

> [t]o conspire to defraud the United States means primarily [1] to cheat the government out of property or money, but it also means [2] to interfere with or obstruct one of its lawful governmental functions by deceit, craft, or trickery, or at least by means that are dishonest. It is not necessary that the government shall be subjected to property or pecuniary loss by the fraud, but only that its legitimate official action and purpose shall be defeated by misrepresentation, chicane, or the overreaching of those charged with carrying out the governmental intention.

265 U.S. 182, 188 (1924); *see also Minarik*, 875 F.2d at 1191.

In enacting § 371, Congress did not change the definition of "defraud" that the Supreme Court employed with earlier statutes. Moreover, following the enactment of § 371, the Supreme Court has not departed from the definition it employed in *Hammerschmidt*. *See McNally v. United States*, 483 U.S. 350, 359 n.8 (1987) (noting that the Court's restriction of the scope of 18 U.S.C. § 1346 does not affect § 371, which is aimed at protecting the federal government, rather than individual property rights), *superseded by statute as recognized in Skilling*, 561 U.S. at 409 (on the interpretation of § 1346). In *Skilling*, the Supreme Court interpreted the "intangible right of honest services" in 18 U.S.C. § 1346, which defines a "scheme or artifice to defraud." The *Skilling* case does not alter the meaning of defraud in § 371. *See United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (holding that precedent rejects defendant's argument that § 371 should be limited to abolish *Klein* conspiracies using the approach in *Skilling*), *cert. denied*, 134 S. Ct. 71 (2013).

In summary, the text of the statute and the binding precedent, including Supreme Court case law, reveal that the term "defraud" in § 371 includes impairing, impeding, or defeating a government agency by dishonest means, a.k.a. the *Klein* conspiracy. Count One of the

7

Superseding Indictment properly states a violation of § 371. The undersigned recommends that the District Judge deny the Defendants' Motion to Dismiss Count One of the Indictment for Failure to Charge an Offense in that the *Klein* Conspiracy Doctrine Has No Basis in the Text or History of 18 U.S.C. Section 371 and Should be Reconsidered in Light of the United States Supreme Court's Decision in *Skilling v. United States* [Doc. 23].

### B. Duplicity

The Defendants ask the Court to dismiss Count One of the Superseding Indictment, arguing that it is duplicitous in that it charges three distinct conspiracies, rather than a single conspiracy. "An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002). The primary problem with duplicitous counts is that the jury may not arrive at a unanimous verdict on a specific count. *United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997). This effect of duplicitous indictments can also potentially prejudice the defendant at sentencing, on appellate review, and in protecting against a future double jeopardy violation. *Id.*

The Defendants contend that Count One actually charges three distinct conspiracies: (1) a conspiracy to defraud the DOD of funds under certain ammunition contracts by falsely asserting that Protech had satisfied its contractual obligations, (2) a conspiracy to impair or impede the functions of the DOD in evaluating Protech's performance on military contracts, and (3) a conspiracy to impair or impede the functions of the EPA in enforcing federal law on the storage of hazardous waste. The Defendants maintain that Count One charges ten means by which they are alleged to have committed the conspiracy. Thus, the Defendants assert that if they are convicted, it will be impossible to know whether the jurors agreed on one of the three conspiracies

8

and how it was accomplished. Defendants argue that Count One compromises the unanimity of a jury verdict and their ability to avoid double jeopardy. The Defendants also argue that if the Court does not dismiss Count One, it should require the Government to elect which of the three conspiracies on which it will proceed and then instruct the jurors in such a way as to require a unanimous verdict on the conspiracy and the means by which it was accomplished.

The Government responds [Doc. 29] that Count One charges the Defendants with one agreement to defraud the United States in three ways. The Government argues that the Defendants' common goal was to enrich themselves and Protech at the government's expense. It contends that the jury must unanimously find a criminal agreement but that it does not need to agree on the means by which the conspiracy was committed. Alternatively, it maintains that if the Court finds that Count One is duplicitous, the remedy is a special verdict form, not dismissal.

In their reply [Doc. 33], the Defendants dispute that enrichment of themselves and Protech is the common goal of the three prongs of the conspiracy. They maintain that while the failure to fulfill contract obligations implies a financial gain, neither of the other two prongs involving impeding a governmental agency necessarily result in financial gain.

At the March 6 hearing, AUSA Barnum responded that although Count One alleges three ways in which the conspiracy occurred, which are connected by "and," the Government is permitted to plead in the conjunctive and prove in the disjunctive. In other words, the jury may treat the "and" as an "or." She argued that in a "regular fraud" case, i.e., a conspiracy to commit an offense, the jurors must unanimously agree on at least one object of the conspiracy. Conversely, AUSA Barnum stated unanimity as to how the conspiracy was accomplished is not required in a *Klein* conspiracy. AUSA Barnum argued that the crime in Count One is the criminal agreement, regardless of the object. However, she stated that the Government was prepared to concede the

9

issue and request a special verdict form in this case. In any event, the Government argued that dismissal of Count One is not an available remedy. Attorneys Cravens and Kurtz agreed that a specific verdict form allowing the jury to indicate their unanimity as to which of the three ways the conspiracy is alleged to have occurred would address their duplicity concerns.

"If an indictment alleges one conspiracy, but the evidence can reasonably be construed only as supporting a finding of multiple conspiracies, the resulting variance between the indictment and the proof is reversible error if the appellant can show that he was prejudiced thereby." *United States v. Warner*, 690 F.2d 545, 549 (6th Cir. 1982) (citing *Kotteakos v. United States*, 328 U.S. 750 (1946)). The essence of a conspiracy is the criminal agreement to commit the offense. *Id.* at 548-49. "'[I]n order to prove a single conspiracy, the government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal.'" *Id.* at 549 (quoting *United States v. Martino*, 664 F.2d 860, 876 (2d Cir. 1981)). That collective venture may well be the commission of several crimes in the course of a single conspiracy because "'[t]he conspiracy is the crime, and that is one [crime], however diverse its objects.'" *United States v. Kelley*, 461 F.3d 817, 830 (6th Cir. 2006) (quoting *Braverman v. United States*, 317 U.S. 49, 54 (1942) (internal quotation omitted)).

In the instant case, the Court finds Count One alleges a single crime—conspiracy to defraud the United States—which the Defendants are alleged to have committed by three other categories of acts. The Defendants allege that financial gain was not a common goal of the three categories of acts because impeding the DOD and the EPA may or may not result in financial gain. However, the undersigned finds that the Superseding Indictment alleges that all of the various means of the conspiracy were perpetrated in order to secure the success of Protech and through Protech, the success of the Defendants. If the Defendants made it hard for the DOD to discover that Protech

10

Case 3:16-cr-00061-RLJ-CCS   Document 58   Filed 04/10/17   Page 10 of 16
PageID #: 443

had not complied with the terms of military contracts, then Protech stood a better chance of keeping its alleged ill-gotten gains and of entering into future contracts with the DOD. If Protech improperly stored and/or disposed of hazardous materials, it did not incur the cost of complying with EPA regulations; and by hiding its noncompliance, the Defendants also avoided any fines or penalties resulting from noncompliance. Thus, the Court finds that Count One alleges a common goal of financial gain for the three ways in which the Defendants are alleged to have defrauded the government.

Although the Court finds that Count One is not duplicitous, the Court observes that the parties have agreed to use a special verdict form that will permit the jury to report its findings with regard to each of the three types of fraud in which the Defendants are alleged to have engaged. Accordingly, the undersigned recommends that the Motion to Dismiss Count One of the Indictment on the Grounds that as Charged it Violates the Doctrine of Duplicity [Doc. 21] be denied in part because Count One is not duplicitous and granted in part in that the parties agree to the use of a special verdict form. If the District Judge agrees with the use of a special verdict form, it is recommended that the parties submit a proposed verdict form by the deadline for submitting special jury instructions, which is presently set for June 9, 2017 [*see* Doc. 38].

### C. Surplusage

Finally, the Defendants ask [Doc. 17] the Court to strike two categories of surplusage from Count One of the Superseding Indictment: (1) three pages of background information on the Resource Conservation and Recovery Act ("RCRA") and (2) allegations in four paragraphs that

11

the Defendants intimidated individuals.[1]  The Defendants argue that they are not charged with RCRA violations or the obstruction of justice, making the two categories of information above nonessential and prejudicial.

The Government argues [Doc. 27] that the background information on RCRA and the allegations of witness intimidation are not surplusage because they are legally relevant and will be proven at trial.  The Government contends that it will prove the background information on RCRA in order to give the jury context for its proof that the Defendants' conspired to impede a function of the EPA.  It asserts that the allegations of witness intimidation are essential components of the Defendant's conspiracy to defraud the United States because they show how the Defendants defeated the functions of the EPA.

Rule 7 of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ."  Fed. R. Crim. P. 7(c)(1).  Upon motion of the defendant, "the court may strike surplusage from the indictment or information."  Fed. R. Crim. P. 7(d).  The Advisory Committee's notes to the rule explain that "[t]his rule introduces a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial."  Whether to strike surplus language from an indictment is a matter within the sound discretion of the trial court.  United States v. Kemper, 503 F.2d 327, 329 (6th Cir. 1974), cert. denied, 419 U.S. 1124 (1975).  Rule 7(d) "is properly invoked when an indictment contains

---

[1] The Motion to Strike Surplusage in the Indictment was filed before the Government brought the Superseding Indictment.  In the motion, Defendant Huddleston also asked the Court to strike references to contracts with private businesses contained in paragraph 1 of the Manner and Means of the Conspiracy section of the Indictment.  In its response, the Government agreed that this language is surplusage, and this language was not included in the Superseding Indictment.  Accordingly, this portion of the Defendants' request is now moot.

12

nonessential allegations that could prejudicially impress the jurors." Id. The Sixth Circuit has held that "'if the language in the indictment is information which the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be (provided, of course, it is legally relevant).'" United States v. Moss, 9 F.3d 543, 550 (6th Cir. 1993) (quoting United States v. Thomas, 875 F.2d 559, 562 n.2 (6th Cir. 1989)).

*(1) RCRA Background Information*

The Defendants challenge the inclusion of background information on RCRA, arguing that the inclusion of this language essentially allows the Government, rather than the Court, to instruct the jury on the law. They argue that this "law" is presented from the Government's point of view and could confuse the jury, because the Defendants are not charged with RCRA violations. At the March 6 hearing, Mr. Eldridge stated that he had not found anything in paragraphs 8 through 18 to be an inaccurate statement of the statute or regulations.

The Defendants are alleged to have conspired to defraud the United States by impairing and impeding "the governmental functions of the EPA in enforcing federal statutes and regulations relevant to the storage of hazardous waste." [Doc. 35, ¶2(c)] The Superseding Indictment contains thirteen paragraphs, spanning approximately three pages, of background information on RCRA. This portion of Count One relates the purpose of RCRA and that it is administered by the EPA; defines hazardous waste, solid waste, and discarded material under the statute; and sets out the Act's requirements for storage and disposal of hazardous waste by a generator of such waste. In describing the manner and means by which the conspiracy was committed, Count One alleges that the Defendants and Protech employees acting at their direction stored, mislabeled, and disposed of hazardous waste in violation of RCRA. [Doc. 35, ¶¶8-18, 21]

13

The Court finds that the background information on RCRA is legally relevant to the allegations against the Defendants, who are charged with impeding the EPA's investigation into their compliance with regulations on storing hazardous chemicals. The Court also finds that the RCRA background information is not prejudicial to the Defendants. At oral argument, Mr. Eldridge agreed that none of the statements in the background information were inaccurate. Finally, the Court finds that the Government intends to introduce background information on RCRA at trial in order to give the jury a context from which it may determine whether the Defendants were impeding the functions of the EPA. Thus, the Court concludes that the RCRA background information is not surplusage.

*(2) Allegations of Intimidation*

The Defendants also challenge the necessity of the allegations that they intimidated certain individuals, arguing that they are not charged with the obstruction of justice. Paragraphs 20 through 23 contain the following allegations: Defendant Hatfield accessed the email account of a former Protech employee and discovered that the former employee had received an email from a current Protech employee with pictures of the improper disposal of a liquid at Protech. Defendant Hatfield is alleged to have texted the current employee, mentioning the email to the former employee and stating that he thought he and the current employee were friends. Defendant Huddleston is alleged to have texted the former employee and threatened to fire his father and the current employee, if the former employee's "campaign against Protech" continued. Finally, Defendants Huddleston and Hatfield are alleged to have instructed the current employee to call an EPA criminal investigator on speakerphone in their presence and then listened while the current employee told the investigator that Protech had done nothing wrong.

14

The Court finds these allegations to be legally relevant to the charge that the Defendants conspired to defraud the United States by impeding the lawful functions of the EPA. The allegations in paragraphs 20 through 23 state how the Defendants allegedly impeded the EPA's investigation. The Court agrees that these allegations are prejudicial to the Defendants, as are any allegations of wrong-doing, but finds that they are not unfairly prejudicial. The Defendants argue that the alleged acts of intimidation occurred after the alleged conspiracy occurred and, thus, are not acts in furtherance of the conspiracy. The Government responds that the fraud with regard to the ammunition contracts was ongoing at the time that the acts of intimidation alleged in paragraphs 20 through 23 occurred. It also maintains that obstructing a criminal investigation by a government agency, here the EPA, after that investigation is already underway constitutes fraud. The Court agrees with the Government that the alleged acts of witness intimidation are legally relevant to the charges because through these alleged acts of intimidation the Defendants could have thwarted the EPA's investigation. Finally, the Court finds that the Government intends to prove the allegations of witness intimidation at trial. Accordingly, the allegations regarding witness intimidation are not surplusage.

In summary, the Court finds that neither the background information on RCRA nor the allegations of witness intimidation to be surplusage. Thus, the undersigned recommends that the Defendants' Motion to Strike Surplusage in the Indictment be denied.

### III.     CONCLUSION

The undersigned has reviewed the briefs and arguments of the parties along with the relevant statutes and case law and concludes that Count One of the Superseding Indictment is legally sufficient. Accordingly, the undersigned **RECOMMENDS** that the Defendant's Motion

to Strike Surplusage in the Indictment **[Doc. 17**] and Motion to Dismiss Count One of the Indictment for Failure to Charge an Offense in that the *Klein* Conspiracy Doctrine Has No Basis in the Text or History of 18 U.S.C. Section 371 and Should Be Reconsidered in Light of the United States Supreme Court's Decision in *Skilling v. United States* [**Doc. 23**] should be **denied**. The Court also **RECOMMENDS** that the Defendants' Motion to Dismiss Count One of the Indictment on the Grounds that as Charged it Violates the Doctrine of Duplicity [**Doc. 21**] should be **granted in part**, in that the parties should be allowed to submit a special jury verdict form, **and denied in all other respects**.[2]

                                                Respectfully submitted,

                                                <u>    s/ C. Clifford Shirley, Jr.  </u>
                                                United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); <u>see</u> <u>United States v. Branch</u>, 537 F.3d 582, 587 (6th. Cir. 2008); <u>see</u> <u>also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide <u>de</u> <u>novo</u> review where objections to this report and recommendation are frivolous, conclusive, or general. <u>Mira v. Marshall</u>, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. <u>Smith v. Detroit Federation of Teachers</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).