IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,         )
                                  )
              Plaintiff,          )
                                  )
v.                                )         No. 3:16-CR-61-RLJ-CCS
                                  )
PHILLIP M. HUDDLESTON and         )
JOHN T. HATFIELD,                 )
                                  )
              Defendants.         )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 18, 2017, for a motion hearing on Defendant Hatfield's Motion to Continue Trial [Doc. 62], filed on May 8, 2017. On behalf of the Government, Assistant United States Attorney Matthew T. Morris was present and Attorneys Cassandra Barnum and Todd W. Gleason appeared by telephone. Attorneys David M. Eldridge and Loretta G. Cravens represented Defendant Huddleston, and Attorney Robert R. Kurtz appeared on behalf of Defendant Hatfield. Both Defendants were excused from the hearing.

Defendant Hatfield asks the Court to continue the June 20, 2017 trial of this case. He argues that the failure to continue the trial would be a miscarriage of justice because of the great volume of discovery in this case. Counsel is in the process of reviewing electronic and physical discovery. Additionally, the Government has informed counsel that additional discovery is forthcoming. The trial of this case is estimated to last three weeks, and counsel needs additional time to prepare to meet the Government's case. The Government responded [Doc. 63] that it did

not object to the requested continuance and that it agrees that the ends of justice served by a continuance outweigh the public's and the Defendant's interest in a speedy trial.

At the hearing, Attorney Kurtz stated that the original electronic discovery did not mirror the way that the files were stored at his client's workplace. He said that he had spent two days reviewing the physical discovery, which allowed him to understand the way the files were maintained at Protech. He also said that in the last week, he had received additional discovery on a thumb drive. Mr. Kurtz stated that pursuant to defense counsels' request and in lieu of a defense subpoena, the Government asked the Department of Defense ("DOD") to conduct an audit of its files for any materials relevant to this litigation. The results of this audit of DOD files were contained on the thumb drive, which held over 3,000 emails, some with attachments. The thumb drive holds ninety-four gigabytes of data, including video and audio recordings. Pursuant to questioning by the Court, Mr. Kurtz stated that this new discovery appears to include some items of yet unknown relevance to this case, such as a public service video regarding sexual harassment.

AUSA Morris apologized for any isolated irrelevant materials provided in the new discovery, explaining that he had given the new discovery to defense counsel while he was still reviewing it himself. He said the Government was attempting to balance the Defendants' need to get the information quickly with provision of data within the scope of the request. AUSA Gleason related that the "litigation hold" from the DOD had produced some 460,000 emails and documents, which the Government had then narrowed using various electronic searches. He stated that any instances of irrelevant materials were due to the automated review of vast amounts of electronic discovery. AUSA Morris stated that the initial electronic discovery consisted of materials selected and scanned by the Government for its own use. The Government provided this electronic discovery to the Defendants for their convenience, but defense counsel were able to view all of the

2

physical discovery at any time. AUSA Morris stated that defense counsel had only recently availed themselves of this opportunity, although he understood that Mr. Kurtz had been occupied with the trial of another criminal case. AUSA Morris stated that the Government did not object to a continuance.

Mr. Eldridge said that on behalf of Defendant Huddleston, he did not object to a trial continuance. Mr. Kurtz observed that Defendant Hatfield agreed with the requested continuance. The parties agreed on a new trial date of November 7, 2017.

The Court finds a continuance of the June 20 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that the discovery in this case is voluminous and that the Defendants have received additional voluminous discovery this week. Counsel need time to complete their review of discovery and investigation of the case. Additionally, the Court notes that objections to the Report and Recommendation are pending before the District Judge, and this Court has a few discovery-type motions to resolve. *See* 18 U.S.C. § 3161(h)(1)(D) & -(1)(H). Given the complexity of this case, the Court finds that requiring the Defendants to proceed to trial before defense counsel had completed their review of discovery and investigation would constitute a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Hatfield's motion to continue the trial [**Doc. 62**] is **GRANTED**, and the trial of this matter is reset to **November 7, 2017.** The Court also finds, and the parties agreed, that all the time between the filing of the motion to continue on **May 8, 2017**, and the new

trial date of **November 7, 2017** is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). Mr. Eldridge noted that during the review of the new discovery, counsel could determine that additional motions were necessary. He did not want a new motion deadline at this point but proposed to address the matter if it arose. If counsel seek to file additional pretrial motions, they must (1) move to file the motion out of time, (2) explain why the motion could not have been filed by the motion deadline, and (3) attach a copy of the motion sought. The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **October 6, 2017**. The Court instructs the parties that all motions *in limine* must be filed no later than **October 23, 2017**. Special requests for jury instructions shall be submitted to the District Judge no later than **October 26, 2017**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Hatfield's Motion to Continue Trial [**Doc. 62**] is **GRANTED**

(2) The trial of this matter shall commence on **November 7, 2017**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All the time between the filing of Defendant Hatfield's motion on **May 8, 2017**, and the new trial date of **November 7, 2017**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for concluding plea negotiations and providing reciprocal discovery is **October 6, 2017**;

(5) Motions *in limine* must be filed no later than **October 23, 2017**; and

4

(6)   Special requests for jury instructions with appropriate citations shall
be submitted to the District Court by **October 26, 2017**.

**IT IS SO ORDERED.**

ENTER:


_____s/ C. Clifford Shirley, Jr.___
United States Magistrate Judge

Case 3:16-cr-00061-RLJ-CCS    Document 65    Filed 05/19/17    Page 5 of 5    PageID #: 481